ORDINARY OF THE STATE OF NEW JERSEY v. WILLIAM J. POULSON ET AL.

An order to prosecute an administrator's bond made by the Ordinary, must be taken, in all collateral proceedings, to be entirely conclusive.

Suit on an administrator's bond. The breach laid was the failure by the administrators to make an account of their administration within twelve calendar months from the date of the bond, according to its terms.

The plea that has been demurred to states that, at a certain date, the administrators, by a decree of the Orphans' Court, were discharged from their duties as administrators, "except accounting for and paying over the moneys and assets received by them, or either of them, by virtue of their said office;" that thereupon another administrator was appointed by the said court in their place and stead, who duly assumed the said office; and that afterwards they fully accounted to such sub-

stituted administrator for the moneys and assets received by them, and paid over such moneys to him; and that subsequently the Northampton County Savings Bank, without the knowledge of the said substituted administrator, filed a petition in the Prerogative Court, and obtained an order to prosecute the bond in suit, without advising said court of the facts above stated.

In this case a motion to strike out plea had previously been made at Chambers, before Chief Justice Beasley, and an opinion upon that motion was delivered. This opinion is of importance to the bar, and it is thought proper to insert it here.

BEASLEY, CHIEF JUSTICE. The plea objected to must be struck out, as it shows no defence to the action.

The condition of the bond is that a just and true account of the administration be made within twelve calendar months of the date of the bond. This stipulation the Orphans' Court can not alter or abrogate. It is true that the statute authorizes the court to extend the time for accounting, but that act cannot affect this covenant. Its effect would be this: the surrogate-general would not be likely to order a bond to be prosecuted for not accounting within the stipulated time, in case it was shown to him that the period for accounting had been extended by the Orphans' Court. But when the bond is in suit, it must speak for itself, and the covenant is absolute to account within a definite time; the agreement is not to account within such fixed time, or within such time as the Orphans' Court may require.

And it will be observed that if the covenant can be thus altered by the action of the Orphans' Court, then the result is that whenever the time is extended judicially, the covenant is, in point of fact, annulled. No count could be framed on the covenant for not accounting within the extended time, and for the plain reason that there is no such stipulation in the instrument.

I think it clear that the extension of the time to account does not modify, or in anywise affect this particular covenant. As I have said, the remedy is before the surrogate-general, to induce him to refrain from granting an order to prosecute, or if such order has been inadvertently granted, to seek for a revocation, should the circumstances justify such an application.

This result is not very onerous on the administrator and his bondsmen. A judgment against them does not, of course, result in the money being required to be raised. The judgment is under the control of the Ordinary, and he never directs the money to be raised until he ascertains that such money is wanting to make good the losses to the estate proceeding from the misconduct of the administrator. In this case, if the administrator has to submit to a forfeiture of this bond on the ground that he has not accounted within the stipulated time, the Ordinary will, in the first place, order him to settle his accounts, and unless in case of maladministration and consequent loss of assets, he will not order the money to be brought in by the bondsmen.

Argued at November Term, 1880, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, SCUDDER and KNAPP.

For the demurrant, *J. T. Bird* and *Edw. T. Green.*

For the defendants, *J. G. Shipman* and *Geo. M. Shipman.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    The matters attempted to be set up by way of defence in this case are utterly devoid of all legal significance in this suit.    The plea in question admits a breach of the bond, and then states certain facts for the purpose of showing that the order to put the bond in suit ought not to have been made by the surrogate-general.    It may very well be that if it had been known by that officer that these administrators had been removed from office and another

person had been substituted in their place, and that, they were prepared to account to such person for the moneys and assets which had come to their hands, that he would not have authorized this suit to be brought. And it might even be, that upon now being applied to he might be led to revoke such order. But however this may be, it is plain that with respect to such subjects this court is destitute of all cognizance. The surrogate-general is the plaintiff on this record, and it would be a strange thing for this court to say that although he has exhibited a legal cause of action in his declaration, he is here without right. The power to decide when an administrator's bond shall be put in suit is one of the prerogatives of the Ordinary. The language of the act is, "in case any bond given by executors, administrators, &c., shall become forfeited, the Ordinary may cause the same to be prosecuted in any court of record, at the expense of any party grieved by such forfeiture;" and it is quite out of the question for this court to arrogate the right to review the action of the Chancellor taken under this authorization. The order to prosecute, made by that officer, must be taken, in all collateral proceedings, to be entirely conclusive. And even if the power of supervision resided in this court, such an authority could not be invoked through the medium of a plea to the action, inasmuch as an erroneous order permitting the bond to be sued on, would not constitute any bar to the action. On the assumption of such supervisory power the remedy would be an application to this court to dismiss the action, or possibly by a plea in abatement. But, as has been already said, the authority in question has been left by the statute to the discretion of the Ordinary.

It appears scarcely necessary to say that the case of *Mc-Donald and Glynn* v. *O'Connell's Adm'rs,* 10 *Vroom* 317, has no relevancy to the question thus disposed of. That case has to do only with suits by individual creditors against removed administrators, founded on *devastavits*. It was deemed that the remedy for such wrongs was vested in the substituted administrator. But in the present proceeding the

Ordinary is the actor, and its object is the protection of all persons interested in the assets of this estate. Neither the point decided in the reported case nor the reasoning on which the conclusion rests, is in anywise applicable in this instance.

The demurrer must be sustained.